ELIZA SMITH *vs.* VESUVIA SMITH & another.

In a suit in equity, in which the plaintiff alleges that a mortgage given by him is now held by the defendants as devisees of one who was employed in his lifetime by the plaintiff as an agent to procure a discharge thereof, but fraudulently took an assignment of the same to himself, the plaintiff is not a competent witness, under Gen. Sts. *c.* 131, § 14, to prove the fraud.

DEWEY, J.   This is a bill in equity to set aside a certain mortgage made by the plaintiff, and now held by the defendants, as devisees of George A. Smith.   The real question in issue is as to the facts under which the said George A. Smith became possessed of this mortgage, which he held under a formal assignment to himself.   The plaintiff alleges that it was done under a contract of agency on his part to procure for her benefit a discharge of the mortgage, and that he took an assignment thereof in violation of his contract with her, and in fraud of her rights.   The defendants deny any such contract on his part to act for the plaintiff.   Upon the trial the plaintiff offered herself as a witness to prove the facts stated in her bill, and to establish the agency of George A. Smith.   To this it was objected, by the defendants, that the plaintiff is excluded as a witness by the provisions of the Gen. Sts. *c.* 131, § 14, by which it is declared that " when any one of the original parties to the contract or cause of action in issue and on trial is dead, the other party shall not be allowed to testify in his own favor."   The deceased party is George A. Smith, to whose interest the defendants have succeeded.   It is in reference to the relations of the plaintiff with him that the testimony is offered.   The position taken by the plaintiff is, that, to exclude her as a witness, the party deceased must have been a party to the contract or cause of action in issue, as distinguished from a contract or cause of action incidentally the subject of inquiry; and that the cause of action here is, that the defendants illegally and without right set up a claim of title as holders of a certain mortgage ; and the question of the contract between her and George A. Smith is only incidental.   But this is too limited a

construction to be given to this statute provision excluding one party as a witness when the other has deceased, as applicable to the present case. It is true that the question in issue here is the right of the plaintiff to have the defendants restrained from setting up, as against the plaintiff, a certain mortgage. That is the form of the bill; but the substance of the issue is as to what was agreed between her and George A. Smith. As that fact is found, so is the case decided. That fact is in issue, and the plaintiff offers herself as a witness to testify in relation to his agency. But the statute says she shall not be so admitted if one of the original parties to the contract or cause of action in issue and on trial is dead. George A. Smith, one of the original parties to that contract, has deceased; and the statute provision excluding the living party directly applies to the present case. The plaintiff was properly excluded as a witness.

*H. W. Paine & O. G. Peabody,* for the plaintiff.

*E. Merwin & J. J. Storrow,* for the defendants, were not called upon.